BAKER, Judge,
dissenting.
I respectfully dissent from the majority’s decision to affirm the trial court’s denial of Granite State’s motion to intervene. *568 In my view, Granite State has demonstrated that its interest in the tort suit is sufficient to support intervention, that its interest is in danger barring intervention, and that its interest is not currently being protected, thus satisfying the requirements of Indiana Trial Rule 24(A)(2).
More particularly, the agreement between Lodholtz and Pulliam purports to make Granite State responsible for satisfying the judgment, thus establishing an interest warranting intervention. Also, Granite State’s request to intervene was timely, in that it sought to intervene fourteen days after it learned that Pulliam would neither move to vacate the default judgment nor take any other action to defend itself.
It is also apparent to me that Granite State’s intervention is the only means available for it to challenge Lodholtz’s claim because the doctrine of collateral estoppel may very well prevent Granite State from challenging the judgment in the pending declaratory judgment action. See State Farm Fire & Cas. Co. v. T.B. ex rel. Bruce, 762 N.E.2d 1227, 1231 (Ind.2002) (holding that collateral estoppel ordinarily binds an insurer to the result of litigation to which its insured is a party). Indeed, the federal court in the pending declaratory judgment action might refuse to entertain any challenge to the judgment because its concern is the entirely unrelated issue as to whether Granite State’s policy covers the judgment.
I am mindful of this court’s opinion in Cincinnati Insurance Co. v. Young, 852 N.E.2d 8 (Ind.Ct.App.2006). Although Young would seemingly control the outcome here, I would note that unlike the circumstances in that case, where the insurer repeatedly denied coverage, refused to defend, and did almost nothing to protect its insured, Granite State did not deny coverage. Instead, Granite State was still investigating the matter when it offered to defend under a reservation of rights, and it actively protected its insured through York. Appellant’s App. p. 6, 12, 17-24. In my view, Granite State’s stance in the matter and the other circumstances here that differ from those in Young are significant.
I would also note that in Young, there was a trial on both liability and damages. Here, neither issue was adjudicated on the merits. And, in my view, absent intervention by Granite State, there will likely never be a full and fair adjudication of either. Indeed, Granite State may be unable to challenge either liability or damages in a separate and subsequent action.
Also, even assuming that the rule announced in Young would control in this instance, permitting Granite State to intervene in these circumstances and participate in this litigation is more efficient and clearly supports our policy preference that matters should be decided on their merits. Citimortgage, Inc. v. Barabas, 975 N.E.2d 805, 812 (Ind.2012). Furthermore, I believe that the current rule, inasmuch as it restricts insurers from intervening before a coverage decision has been made, will have the unintended consequences of increased costs that will surely be passed along to their insureds by way of higher premiums.
That said, I part ways with the majority’s view that Granite State sought to intervene simply “because it did not like the results” when Pulliam and Lodholtz settled. Op. at 567, n. 3. In short, I believe that the trial court erred in denying Granite State’s motion for leave to intervene.